**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Société Civile Succession Richard Guino, a French Trust, <br><br> Plaintiff, <br><br> vs. <br><br> Beseder, Inc. (d/b/a Rima Fine Art), an Arizona corporation, et al. <br><br> Defendants. <br><br> and Related Actions | No. CIV 03-1310-PHX-EHC <br><br> **ORDER** |

Pending before the Court is Plaintiff's Application for Permanent Injunction and Writ of Seizure and Impoundment of the sculptures, castings and molds in Defendants possession that infringe on Plaintiff's copyrights. [Dkt. 297]. Defendants Beseder, Inc., CSTPGU, LLC, Dror Darel and Tracy Penwell (collectively, "Defendants") filed an Opposition.[1] [Dkt. 303]. Plaintiff filed a Reply. [Dkt. 308].

By separate Order issued this same day, the Court has affirmed its grant of summary judgment for Plaintiff on Count One of the Amended Complaint, finding that Defendants have infringed Plaintiff's copyrights to the sculptures.[2]

---

[1] Joined by Defendant Jean-Emmanuel Renoir. [Dkt. 310].

[2] Those sculptures are (VA numbers are the copyright registration numbers): (1) Petite Tete De Venus (Tete de la Petite Venus), VA 180-810; (2) La Maternite, VA 180-811;

**Permanent Injunction**

To remedy copyright infringement, a court "may... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).[3] A permanent injunction is generally proper "when liability has been established and there is a threat of continuing violations." Mai Sys. Corp. v. Peak Computer, 991 F.2d 511, 520 (9th Cir. 1992) (threat of a violation justified an injunction). The Court's grant of summary judgment in favor of Plaintiff on the copyright infringement claim establishes Defendants' liability for copyright infringement.

Plaintiff alleges that as of September 19, 2005, Defendants continued to advertise the sculptures and castings thereof on their website. [Dkt. 297, pp. 6-7 & ex. 2]. Defendants respond that, on September 10, 2005, they instructed their website designer to remove the sculptures and castings. [Dkts. 304, p. 2; 305, p. 2]. Defendants further respond that as of September 21, 2005, the sculptures and castings are no longer displayed on their website. [Dkt. 304, exs. 1 & 2]. Plaintiff replies that Defendants moved their advertisements to a new website. [Dkt. 308, pp. 2-3].

Plaintiff further alleges "that Defendants have a history of continuing copyright violations." [Dkt. 297, p. 7]. Plaintiff did not present any evidence supporting this allegation until filing its Reply, which includes deposition testimony relating to Defendants' actions in other cases. [Dkt. 308]. The Court is not inclined to credit an allegation supported only by materials first filed in a Reply. The allegation is belied by

---

(3) Buste de Madame Renoir, VA 180-812; (4) Venus Vitrix, VA 180-813; (5) Petite Venus Debout, VA 180-814; (6) Medaillon Cezanne, VA 180-815; (7) Variante Petit Forgeron, VA 74-833; (8) Le Forgeron, VA 74-834; (9) La Grande Laveuse, VA 74-835; (10) La Laveuse (Petite Laveuse or "L'Eau"), VA 74-836; and (11) La Laveuse (La Laveuse Moyenne ou L'Eau), VA 74-837.

[3] Unless otherwise stated, all sections cited are from Title 17 of the United States Code.

1  Plaintiff's actions in this case. On July 14, 2003, shortly after this case was filed, the
2  Court issued a writ of seizure. [Dkt. 9]. On July 17, 2003, the writ was dissolved at
3  Plaintiff's request [dkt. 17], after Defendants assured Plaintiff they would not remove
4  the materials from their gallery until the matter was resolved. [Dkt. 12, pp. 1-2]. On July
5  21, 2003, Plaintiff agreed that the sculptures, molds and castings would be held by
6  Defendants pending a hearing on Plaintiff's Application for a Preliminary Injunction.
7  [Dkt. 21]. On September 19, 2003, Plaintiff withdrew its Application for a Preliminary
8  Injunction, allowing the sculptures, molds and castings to remain in Defendants'
9  possession without a court order securing those items. [Dkt. 51].

10  Defendants Darel and Penwell have filed declarations stating that the sculptures,
11  molds and castings, excepting one, have been removed from their art gallery and placed
12  in a warehouse for storage. [Dkts. 304, p. 2; 305, p. 2]. They further state that the Grande
13  Venus Victrix remains in the gallery locked in a large glass case because moving it may
14  cause damage. [Dkts. 304, p. 2; 305, p. 2]. Defendants state that they have not created
15  any castings of the sculptures since August 2003 and have not sold any since January
16  2003.[4] [Dkts. 304, p. 3; 305, p. 5]. They further state that while this case is pending they
17  will not sell the sculptures, molds or castings or move them from the warehouse. [Dkts.
18  304, p. 2; 305, p. 2]. Finally, Defendants state that they will destroy the sculptures,
19  molds and castings if ordered by the Court. [Dkts. 304, p. 2; 305, p. 2].

20  These circumstances demonstrate a continuing threat of copyright infringement.
21  Defendants can easily create a new website, as they allegedly have done, offering to
22  sell the castings. The sculptures, molds and castings are in Defendants' custody in a
23  warehouse at an undisclosed location. This location allows Defendants to sell these
24  materials without garnering public attention, something they could not do when they
25  were displayed for public view in their gallery and on their website. Defendants can also
26  create new castings from the molds.

---

[4] This case was filed on July 10, 2003. [Dkt. 1].

1    Despite the risk of damage in transit, the casting of the Grande Venus Victrix should
2 not remain prominently displayed in Defendants' gallery. The Ninth Circuit has
3 instructed that in fashioning relief for copyright infringement "the district court should
4 not be overly concerned with the prospective harm to [defendant]. A defendant has no
5 right to expect a return on investment from activities which violate the copyright laws."
6 Universal City Studios v. Sony Corp. of Am., 659 F.2d 963, 976 (9th Cir. 1981) (finding
7 copyright infringement and remanding for determination of appropriate relief), rev'd on
8 other grounds, 464 U.S. 417, 104 S. Ct. 774 (sale of video tape recorders found not to
9 constitute copyright infringement). A final judgment or decree in this matter may
10 include ordering the destruction of the Grande Venus Victrix. See § 503(b) (final
11 judgment may include order to destroy). Given that this work may be subject to
12 destruction, the risk of its damage during movement does not outweigh the need to
13 remove it from public display in Defendants' gallery to prevent future infringement of
14 Plaintiff's copyright.

15 **Writ of Seizure and Impoundment**

16    A court "may order the impounding, on such terms as it may deem reasonable, of all"
17 materials claimed to infringe a copyright. § 503(a). The most recent court of appeals
18 decision to address the issue stated that "[t]he Copyright Act does not provide a
19 standard for the district court's decision to grant an order of impoundment; rather § 503
20 leaves this decision to the discretion of the district court." First Technology Safety Sys.
21 v. Depinet, 11 F.3d 641, 647 (6th Cir. 1993) (abuse of discretion where writ of seizure did
22 not accord with procedures contained in Copyright Rules issued by Supreme Court,
23 was improperly issued ex parte, covered materials not protected by copyright, and as to
24 those materials not protected by copyright did not accord with Fed. R. Civ. P. 65);
25 accord 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 14.07[A] (2005)
26 ("The current Act provides no explicit statutory standard to be applied in the exercise
27 of its discretion."). The purpose of impoundment is "to allow for a possible remedy of
28

1  destruction of the infringing articles." <u>Religious Tech. Ctr. v. Netcom On-Line Commun.
2  Servs.</u>, 923 F. Supp. 1231, 1263 (N.D. Cal. 1995) (writ of seizure vacated because it did
3  not give sufficient guidance as to the items to be seized)
4      Plaintiff alleges a writ of seizure and impoundment should issue because Defendants
5  "continue to counterfeit the copyrighted works." [Dkt. 297, p. 9]. No evidence is given
6  in support of this assertion. There is a threat of further castings because the molds are
7  now kept in a warehouse at an undisclosed location. As Plaintiff alleges, art purchasers
8  are wise to the controversy surrounding these sculptures. [<u>See</u> dkt. 190, p. 12 ("The
9  Guino-Renoir sculptures are well known in the community of art purchasers.")].
10 Purchasers with such knowledge are unlikely to buy castings of these sculptures
11 without investigating their authenticity and history. Art purchaser's discernment and an
12 injunction barring further reproduction best address the threat that Defendants will
13 create future castings.
14     There is a threat that Defendants may move the sculptures, molds and castings.
15 Defendants have not done so during the course of this case, despite there being no
16 order enjoining them from doing so. Before this Application for Writ of Seizure was
17 filed, the only restraint on Defendants' ability to move the sculptures, molds and
18 castings from their gallery was their assurance that they would not do so. [<u>See</u> dkt. 12,
19 pp. 1-2 & ex. A]. No specific violations of that assurance have been alleged or proven.
20 The Court will order Defendants to disclose the location of the sculptures, molds and
21 castings, and the location of the Grande Venus Victrix once it has been removed from
22 the gallery. The Court will further enjoin Defendants not to conceal, destroy, transfer, or
23 move those materials pending a final judgment in this case, which may address their
24 "destruction or other reasonable disposition" pursuant to § 503(b).
25     Accordingly,
26     **IT IS ORDERED** that Plaintiff's Application for Permanent Injunction and Writ of
27 Seizure and Impoundment [Dkt. 297] is **GRANTED IN PART** and **DENIED IN PART**.
28

1    **IT IS FURTHER ORDERED** that Defendants are permanently enjoined from any
2    further reproduction and marketing (including but not limited to internet, print, radio,
3    television) of the following sculptures and any derivatives thereof: (1) Petite Tete De
4    Venus (Tete de la Petite Venus), VA 180-810; (2) La Maternite, VA 180-811; (3) Buste de
5    Madame Renoir, VA 180-812; (4) Venus Vitrix, VA 180-813; (5) Petite Venus Debout, VA
6    180-814; (6) Medaillon Cezanne, VA 180-815; (7) Variante Petit Forgeron, VA 74-833; (8)
7    Le Forgeron, VA 74-834; (9) La Grande Laveuse, VA 74-835; (10) La Laveuse (Petite
8    Laveuse or "L'Eau"), VA 74-836; and (11) La Laveuse (La Laveuse Moyenne ou L'Eau),
9    VA 74-837.

10   **IT IS FURTHER ORDERED** that Defendants shall disclose within five days the
11   location of the following sculptures and any derivatives thereof that were or are in
12   Defendants' custody: (1) Petite Tete De Venus (Tete de la Petite Venus), VA 180-810; (2)
13   La Maternite, VA 180-811; (3) Buste de Madame Renoir, VA 180-812; (4) Venus Vitrix,
14   VA 180-813; (5) Petite Venus Debout, VA 180-814; (6) Medaillon Cezanne, VA 180-815;
15   (7) Variante Petit Forgeron, VA 74-833; (8) Le Forgeron, VA 74-834; (9) La Grande
16   Laveuse, VA 74-835; (10) La Laveuse (Petite Laveuse or "L'Eau"), VA 74-836; and (11)
17   La Laveuse (La Laveuse Moyenne ou L'Eau), VA 74-837.

18   **IT IS FURTHER ORDERED** that within 30 days Defendants shall remove the Grande
19   Venus Victrix from the Rima Fine Art gallery located at 7077 East Main Street, Suite 1 in
20   Scottsdale, Arizona to a storage location within the District of Arizona. Defendants
21   shall disclose the storage location of the Grande Venus Victrix within five days of its
22   removal from the gallery. Once removed to the storage location, Defendants shall not
23   conceal, destroy, transfer, or move the Grande Venus Victrix.

24   **IT IS FURTHER ORDERED** that Defendants shall not conceal, destroy, transfer, or
25   move the following sculptures and any derivatives thereof: (1) Petite Tete De Venus
26   (Tete de la Petite Venus), VA 180-810; (2) La Maternite, VA 180-811; (3) Buste de
27   Madame Renoir, VA 180-812; (4) Venus Vitrix, VA 180-813; (5) Petite Venus Debout, VA
28

1  180-814; (6) Medaillon Cezanne, VA 180-815; (7) Variante Petit Forgeron, VA 74-833; (8)
2  Le Forgeron, VA 74-834; (9) La Grande Laveuse, VA 74-835; (10) La Laveuse (Petite
3  Laveuse or "L'Eau"), VA 74-836; and (11) La Laveuse (La Laveuse Moyenne ou L'Eau),
4  VA 74-837.

DATED this 30th day of January, 2006.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge