1    **WO**

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9    Societe Civile Succession Richard Guino,)    No. CV 03-1310-PHX-MHM
     a French Trust,                          )
10                                              )    **ORDER**
                      Plaintiff,                )
11                                              )
     vs.                                        )
12                                              )
                                                )
13   Beseder Inc. (d/b/a Rima Fine Art), an)
     Arizona Corporation, et al.,              )
14                                              )
                      Defendants.               )
15   _____ )
                                                )
16   and Related Actions                        )
     _____

17

18        Currently before the Court are Defendants Beseder, Inc., (d/b/a Rima Fine Art), Dror

19   Darel and Tracy Penwell's ("Rima Defendants") Motion to Dismiss Count One of Plaintiff

20   Societe's Complaint for Lack of Subject Matter Jurisdiction (Dkt.#395)[1]; the Rima

21   Defendants' Motion for Reconsideration (Dkt.#'s 411,423); and Defendants Jean Emmanuel

22   Renoir and Louise Hernandez Renoir's ("Defendant Renoir") Motion for Judgment on the

23   Pleadings. (Dkt.#436).  After reviewing the pleadings, the Court issues the following Order.

24   **I.      Procedural Background**

25

26

27   _____

28        [1] Defendant Renoir and Louise Hernandez join the Rima Defendants' Motion to
     dismiss. (Dkt.#401).

1    This case arises out of a dispute concerning ownership rights to certain works of art

2    created by Pierre-Auguste Renoir ("Renoir").    Plaintiff Societe Civile Succession Richard

3    Guino, a French Trust ("Plaintiff") has asserted the following claims against the Rima

4    Defendants, Defendant Renoir and CSTPGU, LLC in its Amended Complaint: (1) violation

5    of the Federal Copyright Infringement Act, 17 U.S.C. § 501 et seq.[2]; (2) False Designation

6    and False Description of Sponsorship Under Section 41(a) of the Lanham Act, 15 U.S.C. §

7    1125(a) and (3) Common Law Conversion.[3] (Dkt.#190).[4]  Defendant Renoir originally

8    counterclaimed seeking a declaratory ruling that Plaintiff did not hold the copyright to the

9    works of art at issue. (Dkt.#73).  Similarly, the Rima Defendants counterclaimed seeking a

10   declaration that Plaintiff did not own the copyright at issue. (Dkt.#111).   On September 7,

11   2005, the District Court, the Honorable Earl H. Carroll presiding, granted Plaintiff's Motion

12   for partial summary judgment on Plaintiff's copyright infringement claim. (Dkt.#291).  Both

13   the Rima Defendants and Defendant Renoir moved for reconsideration of the Court's Order.

14   (Dkt.#298,#300).  Specifically, the Defendants challenged the District Court's finding that

15   Plaintiff held the copyrights over the works at issue.  The Court agreed with Defendants that

16   it erred in applying 17 U.S.C. § 302(b) in determining the works' copyright term.  However,

17   because of the Ninth Circuit's controlling ruling in <u>Twin Books v. Walt Disney Co.</u>, 83 F.3d

18   1162 (9th Cir. 1996) (<u>Twin Books</u>) the Court held that Plaintiff was still entitled to summary

19   judgment on its copyright infringement claim.  (Dkt.#350).

20

21

_____

22   [2] Plaintiff asserts that it holds copyright to the following sculptures: 1) Petite Tete D.

23   Venus (Tete de la Petite Venus); (2) La Maternite; (3) Buste de Madame Renoir; (4) Venue Vitrix;
     (5) Petite Venue Debout; (6) Medaillon Cezanne; (7) Variante Petit Forgeron; (8) Le Forgeron; (9)

24   La Grande Laveuse; (10) La Leveuse (Petite Laveuse or "L'Eau"); and (11) La Laveuse (La Laveuse
     Moyenne ou L'Eua).

25

26   [3]With the Parties' stipulation, the Court dismissed with prejudice Plaintiff's conversion
     claim. (Dkt.#435).

27

28   [4]Defendants Paul Renoir, Louise Hernandez and CSTPGU, LLC were added as parties
     to this litigation with the District Court's February 15, 2005 order. (Dkt.#186).

1   Prior to Judge Carroll's rulings on the copyright infringement claim, on February 17,

2   2005, Judge Carroll set this matter for trial on December 13, 2005, and set the discovery

3   deadline for June 30, 2005 and the dispositive motion deadline at September 2, 2005.

4   (Dkt.#188).  On February 3, 2006, Judge Carroll stayed the then firm trial date of February

5   28, 2006 pursuant to the Parties' Joint Motion to Stay pending the results of Defendant

6   Renoirs' interlocutory appeal.  (Dkt.#356).  On May 24, 2006, the instant case was assigned

7   to this Court. (Dkt.#373).  On June 2, 2006 this Court received the Ninth Circuit's order

8   dismissing the interlocutory appeal.  (Dkt.#376).  The Court set a trial date in this matter on

9   October 11, 2006 (Dkt.#378); however, subsequently moved the trial to October 24, 2006

10  at the June 19, 2006 status hearing. (Dkt.#385).

11  With this procedural history in mind, the Defendants again present challenges to the

12  validity of the Plaintiff's copyright infringement claim and again challenge the District

13  Court's previous ruling that the Defendants have engaged in copyright infringement.

14  Specifically, the Rima Defendants  move to dismiss Plaintiff's copyright infringement claim

15  for lack of subject matter jurisdiction based upon their position the Plaintiff committed fraud

16  upon the Copyright Office.  The Rima Defendants also move for reconsideration on the same

17  basis that Plaintiff committed fraud upon the Copyright Office as well as the existence of

18  new evidence suggesting that Plaintiff engaged in misconduct regarding the sale of certain

19  works.   In addition, Defendant Renoir seeks judgment on the pleadings regarding the

20  "willfulness" element of Plaintiff's copyright infringement claim.

21  **II.   The Rima Defendants' Motion to Dismiss Plaintiff's Copyright Infringement Claim for Lack of Subject Matter Jurisdiction.**

22

23  **A.   Background Regarding Validity of Plaintiff's Copyright**

24  The Rima Defendants move this Court to dismiss Plaintiff's copyright infringement

25  claim for lack of subject matter jurisdiction on the basis that Judge Carroll's September 7,

26  2005 and January 30, 2006 orders (Dkt.# 291 & 350) demonstrate that Plaintiff obtained

27  copyright protection over the works at issue by committing fraud upon the Copyright Office.

28  The Rima Defendants contend that because Plaintiff does not hold a valid copyright in the

1  works at issue, that this Court lacks jurisdiction.  The Rima Defendants' argument in support

2  of dismissal for lack of subject matter jurisdiction is based upon several findings that Judge

3  Carroll made in his previous orders granting summary judgment in favor of Plaintiff on its

4  copyright infringement claim. (Dkt.#'s 291,350).  First, Judge Carroll found the original

5  publication date of the works created by Renoir to be 1917 in Paris, France. (Dkt.#350, p.2).

6  Second, Judge Carroll found that the Renoir-Guino works were first published in 1974 in "an

7  exhibit for sale held at the Bristol Hotel in Paris, France."  (Id). The Rima Defendants argue

8  that because Plaintiff's copyright applications state that the works were either unpublished

9  when the applications were submitted in 1984 or published in 1983 rather than state that the

10  works were published in 1917 that "the Court [has] implicitly reversed its finding that

11  Plaintiff's (sic) had not committed fraud on the Copyright office." (Rima Defendants' Motion,

12  p.4).

13        By way of background, in the Court's September 7, 2005 order, Judge Carroll rejected

14  the Rima Defendants' argument regarding fraud upon the Copyright Office. (Dkt.#291). The

15  Court found that because the works were first published as Renoir-Guino in 1983, the

16  Plaintiff's disclosure to the Copyright Office that the respective work was either unpublished

17  or first published in 1983 was in fact accurate.  (Dkt.#291, p.10).  However, upon

18  reconsideration, the District Court recognized that the application of 17 U.S.C. § 302(b) is

19  based upon the date the work or works is actually created, rather than published.  Thus, the

20  Court determined § 302(b) to be inapplicable as the works were created in 1917.

21  Additionally, the Court found that the works were published as Renoir works in 1917 in

22  Paris, France and again published in Paris, France as Renoir-Guino works in 1974.

23  (Dkt.#350, p.2).  In determining the appropriate copyright term for the works, and in

24  rejecting the Defendants' argument that the works had entered the public domain and were

25  not subject to copyright protection, the District Court applied the Ninth Circuit's ruling in

26  Twin Books v. Walt Disney Co., 83 F.3d 1162, 1167 (9th Cir. 1996), which holds that

27  "publication without a copyright notice in a foreign country [does] not put the work in the

28  public domain in the United States." Thus, after expressing criticism of the holding of Twin

<u>Books</u> on certain copyrights, the Court expressly applied the <u>Twin Books</u> ruling by finding that the works had never passed into the public domain and thus were still subject to copyright protection  (Dkt.#350, p.11).  In addition, because the works had not passed into the public domain, the District Court determined  17 U.S.C. § 303(a) to be the controlling authority providing copyright protection until 2043.[5]

**B.    Rima Defendants' Argument Regarding Fraud Upon the Copyright Office.**

The Rima Defendants do not directly challenge the Court's determination that the works have not passed into the public domain, but argue that the Court's determination that the works were published as Renoir works in 1917 in Paris, France demonstrates that the Plaintiff committed fraud upon the Copyright Office by disclosing to the Copyright Office that the works were either unpublished at time of the application in 1984 or first published in 1983.  The Rima Defendants Motion is styled as a motion to dismiss, but in reality appears to be one for reconsideration, especially in light of the fact that Judge Carroll in a previous order rejected their argument regarding fraud upon the Copyright Office. (Dkt.#291). In fact, the Rima Defendants expressly reference their Motion as one of "reconsideration" in their reply brief to the Court.  (Rima Defendants' Reply, Dkt.#403, p.1).[6]

**C.    Fraud Upon Copyright Office**

Inaccuracies presented to Copyright Office only act as a bar to an infringement action if the inaccuracy was presented with intent to defraud and the infringing party was prejudiced by the inaccuracies.  <u>Datastorm Technologies, Inc., v. Excalibur Comm., Inc.</u>, 888 F. Supp. 112, 114 (N.D. Cal. 1995) (citing <u>Harris v. Emus Records Corp.</u>, 734 F.2d 1329, 1335 (9th Cir. 1984), <u>see also</u> <u>Three Boys Music Corp. v. Bolton</u>, 212 F.3d 477, 486 (9th Cir. 2000).

---

[5]Section 303(a) applies to works "created before January 1, 1978, but not theretofore in the public domain or copyrighted."

[6]Motions for reconsideration are disfavored and are only appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  <u>School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

**(1)    Insufficient Evidence of an Intent to Defraud**

There is insufficient evidence before the Court to determine that Plaintiff acted with an intent to defraud the Copyright Office by not disclosing that the works were published in 1917 in Paris, France.   For instance, there is evidence of a dialogue between Plaintiff and the Copyright Office during the registration process surrounding the works at issue. (Plaintiff's Response to Defendant Renoir's Motion for Summary Judgment and Cross-Motion for Summary Judgment, Dkt.#179, Exhibits 1,2,4,5,6,&7).  On December 21, 1984, the Copyright Office informed Plaintiff's agent that it needed answers to several questions relevant to Plaintiff's application for copyright protection regarding four of the works.  (Id. Exhibit 6).  Plaintiff's representative responded shortly thereafter providing answers to the questions including the Examiner's question regarding joint ownership in the works.  (Id. Exhibit 7).  It is also relevant to note that Plaintiff disclosed the true creation date of the works to the Copyright Office in each of the applications.  For instance, for the  "the Venus Vitrix," Plaintiff disclosed that it was created in 1915. (Plaintiff's Statement of Facts in support of MPSJ, Dkt.#166, Exhibit 18).   Along with this 1915 creation date, Plaintiff disclosed that Renoir passed away in 1919 and Guino passed away in 1973.  The disclosure of such a variety of  dates may raise questions regarding the long gap between the creation date of 1917 and the purported first publication date of 1983 stated in the application. However, the Copyright Office did not question such dates despite the open disclosure. Additionally, while the Copyright Office is not an investigative body, it does have the authority to question information that bears on the registration of a copyright, which it did in this case, as well as the authority to register a copyright with reservation.  (Id. Exhibit 5). Despite such authority, the Copyright Office registered the copyrights without reservation. See Three Boys Music Corp. v. Bolton, 212 F.3d 477, 488-89 (9th Cir.2000) (stating that registration is prima facie evidence of the validity of a copyright.).

The Rima Defendants contend that despite this correspondence between Plaintiff and the Copyright Office, the Court need not look any further than the publication date disclosed by Plaintiff in the applications for strong evidence of an intent to defraud.  The Rima

1    Defendants argue this strong evidence is demonstrated by the fact that the Copyright Office

2    would not have registered the works had it known that the works were published in Paris,

3    France in 1917.  However, as discussed below, that argument is without merit given the

4    District Court's determination that the works did not enter the public domain with their

5    publications in Paris, France in 1917 or 1974.  (See Dkt.#350, pp.11-12).  As such, there is

6    insufficient evidence before the Court suggesting that Plaintiff acted with an intent to defraud

7    the Copyright Office.

                        **(2)      Lack of Resulting Prejudice to Rima Defendants**

9          The  record  also  reveals  that  despite  the  Plaintiff's  alleged  material  omission  of

10   information to the Copyright Office, there is no resulting prejudice to the Defendants. Harris,

11   734 F.2d at 1335 (stating that absent intent to defraud and prejudice inaccuracies do not bar

12   actions for infringement).  This Court has repeatedly held that it is bound by the Ninth

13   Circuit's holding in Twin Books, 83 F.3d at 1167 which held "that publication without a

14   copyright notice in a foreign country [does] not put the work in the public domain in the

15   United States."  The significance of this is that 17 U.S.C. § 303(a) is applicable to the

16   determination of the duration of protection covering the sculptures at issue. The Rima

17   Defendants argue that the Court's finding of the publication date of 1917 in Paris, France

18   automatically places the works in the public domain due to the Copyright Office's handling

19   of works published prior to 1923.  (See Rima Defendants' motion for summary judgment,

20   Dkt.#170, Exhibit 1).[7] However, accepting such an argument would require this Court to

21   depart from the binding authority set forth in the Ninth Circuit's ruling in Twin Books.  This

22   Court has already addressed this issue at length and the Ninth Circuit has declined to hear an

23   interlocutory appeal on this issue as well.  Based upon the holding in Twin Books, even if

24   the 1917 publication date in France was disclosed to the Copyright Office, the works would

25

26          [7] The  United  States  Copyright  Circular  22  relates  in  pertinent  part:"[t]he  U.S.
     copyright in any work published or copyrighted prior to January 1, 1923, has expired by
27   operation of law, and the work has permanently fallen into the public domain in the United
28   States."

1   still be subject to copyright protection as they were not in the public domain for United States

2   copyright purposes.  Thus, there is no evidence of prejudice to the Defendants resulting from

3   the alleged inconsistencies in Plaintiff's applications to the Copyright Office.

4           This Court affirms Judge Carroll's earlier finding rejecting the Rima Defendants'

5   Fraud upon the Copyright Office argument and rejects their argument that this Court

6   somehow lacks subject matter jurisdiction.  There is insufficient evidence of an intent to

7   defraud and there is no resulting prejudice to the Defendants.

8   **III.    The Rima Defendants' Motion for Reconsideration**

9           In addition to challenging the Court's prior rulings with its Motion to dismiss for lack

10  of subject matter jurisdiction, the Rima Defendants expressly move this Court for

11  Reconsideration.  This time the Rima Defendants contend that there is newly discovered

12  evidence which demonstrates that the Court's prior finding of copyright infringement requires

13  reconsideration.  Specifically, the Rima Defendants argue that the doctrine of unclean hands

14  based upon Plaintiff's fraud upon the Copyright Office and recently discovered sale of

15  "bootleg" sculptures by Plaintiff demonstrates that this doctrine applies and requires

16  dismissal of Plaintiff's copyright infringement claim.

17          **A.    Unclean Hands Defense to Copyright Infringement**

18          The defense of unclean hands applies in copyright infringement cases to prevent a

19  plaintiff from obtaining relief both in law and in equity.  Supermarket of Homes v. San

20  Fernando Valley Bd., 786 F.2d 1400, 1408 (9th Cir. 1986).  Whether to apply the defense of

21  unclean hands is within the court's sound discretion.  TWA v. American Coupon Exchange,

22  913 F.2d 676, 695 (9th Cir. 1990).  The defense will apply to bar recovery only if the

23  plaintiff's wrongful acts relates to the subject matter of its claims.  Fuddruckers, Inc., v. Doc't

24  B.R. Others, Inc., 826 F.2d 837, 847 (9th Cir. 1987).   The doctrine is not meant to serve as

25  a punishment for extraneous transgressions and misconduct in the abstract unrelated to the

26  claim does not constitute unclean hands.  Republic Molding Corp. v. B.W. Photo Utilities,

27  319 F.2d 347, 349 (9th Cir. 1963).  The defense itself is rarely recognized.  Tiffany Design,

28

1  Inc., v. Reno-Tahoe-Specialty, Inc., 55 F. Supp.2d 1113, 1123 (D.Nev. 1999) (citing Los
2  Angeles News Serv., 973 F.2d 791, 799 (9th Cir. 1992).

3    **B.    Fraud Upon the Copyright Office**

4       The Rima Defendants expressly move for reconsideration of the Court's prior orders
5  finding the existence of copyright infringement based upon the alleged fraudulent conduct
6  exhibited by Plaintiff in obtaining the copyrights.  The Rima Defendants contend that such
7  fraudulent conduct constitutes unclean hands, thus invalidating Plaintiff's copyright.  Again,
8  they focus on the Court's prior findings that the works were published in 1917 and 1974 in
9  Paris, France which is contrary to the information provided by Plaintiff to the Copyright
10  Office.  In fact, the Rima Defendants argument is a mirror image advanced upon its Motion
11  to dismiss for lack of subject matter jurisdiction addressed above.  As discussed above, in
12  order for this argument to have merit, this Court would have to be persuaded that the Plaintiff
13  acted with the requisite intent to defraud with resulting prejudice to the Defendants.  This
14  Court does not make such a determination.  In essence, the Rima Defendants simply ask this
15  Court to rethink what it has already thought.  Such is not an appropriate basis for
16  reconsideration. United States v. Rezzonico, 32 F. Supp. 2d, 1112, 1116 (D.Ariz. 1998)
17  (stating that "motion for reconsideration should not be used to ask the court 'to rethink what
18  the court has already thought...'") (citations omitted).

19    **C.    Rima Defendants' Allegation of Sale of Bootleg Sculptures by Plaintiff**

20       The Rima Defendants also request this Court to reconsider its finding of copyright
21  infringement in favor of Plaintiff on newly discovered evidence suggesting that Plaintiff has
22  sold "knock-off" sculptures and represented them to be from a series of works at the Hotel
23  Bristol in Paris, France in 1974.  The purported significance of this series of works is that
24  today those works have a significantly higher value than other such works that are from a
25  different series.

26       The Rima Defendants offer as "newly discovered evidence" the "declaration" of
27  Emmanuel Javogue, the former representative of the Plaintiff in the United States.  On June
28  6, 2006, the Court sustained the Plaintiff's objection to the Defendants' request to depose Mr.

1    Javogue in Miami, Florida,  noting that the discovery deadline had long past.  (Dkt.#378).

2    However, the Rima Defendants now offer Mr. Javogue's "declaration" dated June 7, 2006,

3    appearing in question and answer form and recorded by a court reporter in Miami, Florida.

4    (Dkt.#423, Exhibit 1).  The Rima Defendants cite Mr. Javogue's "declaration" as evidence

5    that Plaintiff has been recasting some of the sculptures and representing them to be from the

6    Hotel Bristol series of works that necessitates a higher price for purchase.  Mr. Javogue

7    relates in his "declaration" that he estimates there to be some 27 works from that series;

8    however, estimates that there has been many more sculptures represented to be from that

9    series. (Id. at p.58).   The Rima Defendants contend that such sales of works by Plaintiff

10   harms both the public by purchasing such works at inflated values as well as the Rima

11   Defendants because such sales devalue the price of the true works that they sell due to

12   customer reluctance to buy works that are not clearly originals. (Rima Defendants' Motion,

13   p.10-11).

14          While the harm to the public is a relevant factor to be considered in applying the

15   doctrine of unclean hands, there is insufficient evidence before the Court that would suggest

16   that reconsideration of its previous determination in favor of Plaintiff on its claim of

17   copyright infringement is appropriate.  For instance, the harm to the public cited by the Rima

18   Defendants appears to based upon speculation that the public has been defrauded of "tens of

19   thousands of dollars."   This evidence is offered on the eve of trial by the former

20   representative of Plaintiff in deposition form without the presence of Plaintiff's counsel.   In

21   addition, and more importantly, while such alleged conduct may be relevant to Defendant

22   Renoir's counterclaims against Plaintiff, the Court does not see how this alleged misconduct

23   by Plaintiff relates to Plaintiff's copyright infringement claims. See Tiffany Design, Inc., v.

24   Reno-Tahoe Specialty, Inc., 55 F. Supp.2d 1113, 1123 (D. Nev. 1999) (noting that the

25   defense is rarely recognized and should only be granted where alleged misconduct relates

26   directly to the rights asserted by the plaintiff) (citing Fuddruckers, 826 F.2d at 847 and

27   Republic Molding Corp, 319 F.2d 349).   At best, this alleged misconduct by Plaintiff

28   appears to constitute "extraneous transgressions" that are unrelated to Plaintiff's specific

1   claims of copyright infringement against the Defendants. <u>Republic Molding</u> 319 F.2d at 349.

2   Such extraneous transgressions are not sufficient to set aside Plaintiff's copyright

3   infringement claim on the eve of trial.

4           Thus, the Rima Defendants present no new evidence before the Court that would

5   suggest the Court should reconsider its previous rulings finding that Plaintiff owns a valid

6   copyright in the works at issue and that the Defendants have infringed those rights.

7   **IV.     Defendant Renoirs' Motion for Judgment on the Pleadings**

8           Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings

9   are closed but within such time as not to delay the trial, any party may move for judgment

10  on the pleadings.  "Judgment on the pleadings is proper, when, taking all of the allegations

11  in the pleadings as true, the moving party is entitled to judgment as a matter of law." <u>Honey</u>

12  <u>v. Distelrath</u>, 195 F.3d 531, 532-33 (9th Cir. 1999).  In reviewing a Rule 12(c) motion, the

13  Court must take "all the allegations in the pleadings as true," and grant a motion for judgment

14  on the pleadings only as a matter of law.  <u>Id.</u>

15          Defendant Renoir moves this Court for judgment on the pleadings pursuant to Rule

16  12(c) Fed.R.Civ.P. regarding the "willfulness" element of the infringement of Plaintiff's

17  copyright in the works at issue. The willfulness of any infringement relates to the statutory

18  damages available to Plaintiff pursuant to 17 U.S.C. 504(c)(2).  A defendant willfully

19  infringes on the copyright of another by acting "with knowledge that the defendant's conduct

20  constitutes copyright infringement." <u>Peer Int'l Corp. v. Pausa Records, Inc</u>., 909 F.2d 1332,

21  1336 n.3 (9th Cir. 1990) (quoting Nimmer on Copyright § 14.04[B] at 14-40.2-.3 (1989).

22  Specific intent is not required to violate a copyright. <u>Id.</u> at 1335-36.  A defendant seeking

23  to establish the innocence of its infringement must show a good faith belief in the innocence

24  of its conduct as well as that such a belief was reasonable. <u>Id.</u>  In the instant case, Defendant

25  Renoir contends that such reasonable good faith belief is demonstrated by the Court's

26  previous rulings addressing copyright infringement.  Specifically, they contend that the

27  Court's discussion regarding the results created by the holding in <u>Twin Books</u> demonstrates

28  that the infringement in this case cannot be deemed willful as the Defendants had a good

1   faith belief that the works had entered the public domain,  thus eliminating the application

2   of any statutory damages. (Dkt.#350, pp.7-11).

3         However, in asserting this argument, Defendant Renoir makes no challenge to the

4   allegations of Plaintiff's Amended Complaint supporting the willful infringement by

5   Defendants of Plaintiff's copyright.   Rather, they base their argument on the Court's

6   discussion of the controlling Ninth Circuit case discussing copyright protection.  In taking

7   the allegations of Plaintiff's Amended Complaint as true as this Court is required to do, this

8   Court cannot say that the willfulness element of Plaintiff's copyright infringement claim fails

9   as a matter of law.  The more appropriate challenge by Defendant Renoir  to the willfulness

10  element should likely have been upon summary judgment under Rule 56(c) Fed.R.Civ.P. to

11  challenge the evidentiary support of such a claim.  However, the time to assert such a

12  challenge has come and gone with the trial date only two weeks away.  Moreover, the

13  question of willfulness itself is typically reserved for the finder of fact. International Korwin

14  Corp. v. Kowalcyk,855 F.2d 375, 380 (7th Cir. 1988); see also 9th Circuit Model Civil Jury

15  Instructions 20.25 (2004) (instructing jury as to willful infringement).  If at trial, upon the

16  conclusion of Plaintiff's case and upon appropriate motion, it is determined that no rational

17  trier of fact could conclude the existence of willful infringement then the Court may

18  intervene to eliminate a possible finding of willful infringement by Defendants. See Othman

19  v. Globe Indemnity Co., 759 F.2d 1458, 1463 (9th Cir. 1985) (stating that directed verdict is

20  appropriate only if the evidence permits only one reasonable conclusion as to the verdict).

21  Otherwise, the issue of willfulness is an issue for the jury.    As such, in taking Plaintiff's

22  allegations as true regarding the willfulness of the Defendants alleged infringement,

23  Defendant Renoirs' Rule 12(c) Fed.R.Civ.P. challenge fails.

24        **Accordingly,**

25        **IT IS HEREBY ORDERED** denying the Rima Defendants' Motion to Dismiss Count

26  One of Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Dkt.#395).

27        **IT IS FURTHER ORDERED** denying the Rima Defendants' Motion for

28  Reconsideration (Dkt.#'s 411,423);

1        **IT IS FURTHER ORDERED** denying Defendant Renoirs' Motion for Judgment on

2    the Pleadings. (Dkt.#436).

3        **IT IS FURTHER ORDERED** denying as moot Defendant Renoirs' Motion to

4    Expedite. (Dkt.#437).

5        DATED this 6th day of October, 2006.

6

7

8    _____

9                    Mary H. Murgula
               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28