**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Societe Civile Succession Richard Guino, a French Trust,<br><br>            Plaintiff,<br><br>vs.<br><br>Beseder Inc. (d/b/a Rima Fine Art), an Arizona Corporation, et al.,<br><br>            Defendants.<br>_____<br>And Related Action<br>_____ | No. CV 03-1310-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Plaintiff Societe Civile's ("Plaintiff") motion for reconsideration of the Court's October 31, 2007 order. (Dkt. #638). After reviewing the pleadings, the Court issues the following Order.

**I.   BACKGROUND**

The Court has recited the factual background underlying this litigation on several prior occasions. (Dkt. #s 321, 457). As such, it will not do so again here, except with respect to the pending motion.

On March 23, 2007, Plaintiff filed a motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure to set aside the jury's verdict and dismiss Defendant Jean Emmanuel Renoir's ("Defendant Renoir") counterclaim, or in the alternative,

for a new trial under Rule 59(a). (Dkt. #550). The Court granted in part Plaintiff's Rule 50(b) motion on October 31, 2007, setting aside the jury's compensatory or actual damages award to Defendant Renoir in the amount of $90,000. (Dkt. #635). However, the Court also denied Plaintiff's Rule 50(b) motion to the extent that it sought to vacate the jury's award of lost profits to Defendant Renoir in the amount of $30,000.[1] (Id.).

On November 12, 2007, Plaintiff filed the instant motion for reconsideration of the Court's order pursuant to Rule 7.2(g) of the Local Rules of Civil Procedure ("LRCiv."). (Dkt. #683). Specifically, Plaintiff seeks reconsideration of the Court's order denying Plaintiff's Rule 50(b) motion with respect to the jury's award of lost profits on Defendant Renoir's Lanham Act counterclaim. (Id.). Plaintiff requests that the Court vacate the jury's verdict, the damages award, and all attorneys' fees and costs awards that were based on Defendant Renoir's Lanham Act claim; in the alternative, Plaintiff requests that the Court grant a new trial on the issue of ownership. (Id., p.2).

## II.  RECONSIDERATION

Plaintiff brings the instant motion for reconsideration pursuant to LRCiv. 7.2(g), stating that "Plaintiff believes this Court overlooked a dispositive element that was presented to the Court but not addressed by the Order." (Dkt. #638, p.2). However, LRCiv. 7.2(g) does not in fact authorize motions for reconsideration; LRCiv. 7.2(g) merely discusses the form, content, and procedure for the filing of such motions in the District of Arizona. Nonetheless, since Plaintiff filed the instant motion within ten (10) business days after the Court's order, the Court will construe Plaintiff's motion for reconsideration as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See

---

[1] On March 15, 2007, the Court, in its discretion, increased the lost profits award from $30,000 to $45,000 pursuant to 17 U.S.C. § 1117(a). In addition, the Court imposed injunctive relief against Plaintiff, requiring that Plaintiff identify the works of art subject to Defendant Renoir's Lanham Act counterclaim as unauthentic and/or unauthorized duplicates of the original Renoir-Guino works. (Dkt. #547).

- 2 -

1    Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)
2    ("Irrespective of how a party titles his motion, a post-judgment motion made within ten days
3    of the entry of judgment that questions the correctness of a judgment is properly construed
4    as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e).") (quotations omitted).

5        Rule 59(e) motions are only granted (1) to correct manifest errors of law or fact on
6    which the judgment is based; (2) if the moving party presents newly discovered or previously
7    unavailable evidence; (3) if there is an intervening change in controlling law; or (4) to
8    prevent manifest injustice. See Turner v. Burlington Norther Santa Fe Railroad Co., 338
9    F.3d 1058, 1063 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments
10   or present evidence for the first time when they could reasonably have been raised earlier in
11   the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). Indeed, motions for
12   reconsideration are not the place for parties to make new arguments not raised in their
13   original briefs. See Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D.Ariz. 2003)
14   (citing Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th
15   Cir.1988)). Nor is it the time to ask a court to rethink what it has already thought. Id.
16   Accordingly, courts grant such motions only in rare circumstances. See Sullivan v.
17   Faras-RLS Group, Ltd., 795 F.Supp. 305, 308-09 (D.Ariz. 1992).

18       Plaintiff argues that reconsideration is necessary to correct a manifest error of fact on
19   which the Court's judgement was based. Indeed, Plaintiff contends that the Court
20   "overlooked a dispositive element that was presented to the Court but not addressed by the
21   [Court's] Order." (Dkt. #638, p.2). That "dispositive element" is the issue of ownership in
22   the third element of a false advertising claim under Section 43(a)(1)(B) of the Lanham Act.
23   (Id., pp. 3-4). Plaintiff argues that Defendant Renoir's Lanham Act counterclaim must fail
24   because the undisputed evidence shows that Plaintiff did not own any of the sculptures at
25   issue in this case, which Plaintiff contends is a necessary element of Defendant Renoir's
26   Lanham Act counterclaim. (Id., pp. 13-14).

27       As the Court noted in its October 31, 2007 order, the elements of a Lanham Act §
28   43(a) false advertising claim are:

> (1) a false statement of fact by the defendant in a commercial advertisement <u>about its own or another's product</u>; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

<u>Southland Sod Farms v. Stover Seed Co.</u>, 108 F.3d 1134, 1139 (9th Cir. 1997) (emphasis added) (citing <u>Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.</u>, 911 F.2d 242, 244 (9th Cir. 1990)). As such, the jury's finding that Plaintiff made false statements about the sculptures at issue in this case, whether owned by Plaintiff or not, appears sufficient to support Defendant Renoir's false advertising claim under Section 43(a) of the Lanham Act.

However, Plaintiff cites the Court to <u>Coastal Abstract Service, Inc. v. First Am. Title Ins. Co.</u>, for the proposition that in order to constitute "commercial advertising" under the Lanham Act, the false statement must be made "for the purpose of influencing consumers to buy <u>defendant's goods</u> or services." 173 F.3d 725, 734-35 (9th Cir. 1999) (emphasis added). But that statement was merely adopted from a Fifth Circuit case and was not discussed by the Ninth Circuit in <u>Coastal Abstract</u>. Plaintiff cites the Court to no controlling authority and makes no convincing argument that the Ninth Circuit meant to restrict commercial false advertising claims solely to instances where false statements are made to influence consumers to buy the accused's own products. Indeed, <u>Southland Sod</u> indicates otherwise – the false statements at issue in a Lanham Act false advertising claim may be made about one's own products or another's products, and thus the false statements may be made for the purpose of influencing consumers to buy the accused's products or to simply not buy the competitor's products. 108 F.3d at 1139.

Therefore, regardless of whether Plaintiff in fact owned the sculptures at issue in this case, it is sufficient that there was evidence to support the jury's finding that Plaintiff made false statements about the sculptures. (Dkt. #638, p.9; Dkt. #635, pp. 5-6). As such, Plaintiff fails to establish the existence of a manifest error of law or fact on which the Court's

1  judgment was based, and the Court finds that it is not appropriate to grant reconsideration
2  with respect to its October 31, 2007 order on the issue of the jury's award of lost profits on
3  Defendant Renoir's Lanham Act counterclaim.

   **Accordingly,**

   **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is DENIED. (Dkt. #638).

   DATED this 16th day of June, 2008.

   _____
   Mary H. Murguia
   United States District Judge