**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Societe Civile Succession Richard Guino, a French Trust,<br><br>    Plaintiff,<br><br>v.<br><br>Beseder, Inc., (dba Rima Fine Art), an Arizona corporation, Dror Darel and Tracy L. Penwell, husband and wife; Jean-Emmanuel Renoir, an Individual,<br><br>    Defendants.<br><br>and Related Actions | No. CV 03-1310-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Defendants' Motion to Stay a Determination on Plaintiff's Motion for Attorney's Fees (Dkt.#662) filed by Defendants Beseder, Inc., Dror Darel, Tracy Penwell and Jean-Emmanuel Renoir ("Defendants"). After reviewing the motion and accompanying papers, the Court issues the following Order.

Defendants move to stay the determination regarding attorneys' fees until the Court first inquires with the Register of Copyrights whether the Register of Copyrights would have refused to copyright the works at issue if it had known of inaccurate information regarding the first date of publication contained in the copyright application pursuant to 17 U.S.C. § 411(2009). The full text of this provision is as follows:

> (b)(1) A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless--
> (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
> (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.
> (2) In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

Id.

However, the Court has already determined, on several occasions, that the copyrights at issue are valid. This premise was the basis for the Court's ruling on summary judgment, the jury's verdict, and the Ninth Circuit's published decision in <u>Societe Civile Succession Guino v. Renoir</u>, 549 F.3d 1182 (9th Cir. 2008). At this point, it would serve no purpose to ask the Register of Copyrights whether it would have refused registration had it known a more complete version of the facts. As far as the law of this case is concerned, these copyrights are valid. <u>United States v. Smith</u>, 389 F.3d 944, 948 (9th Cir. 2004) (explaining that "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case"); <u>Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.</u>, 259 F.3d 1186, 1194 (9th Cir. 2001) (explaining that prior determinations of infringements in copyright litigation are the law of the case).

Defendants argue that they are not seeking to invalidate the copyright as a whole, but merely desire the Court to make the above inquiry before determining attorneys' fees; however, the Court is unwilling to waste the Register's time with a question whose answer, even if negative, would not invalidate the Ninth Circuit's ruling that the copyright at issue is indeed valid. Moreover, if the Register were to say that the it would indeed have refused registration, there would be an irreconcilable inconsistency between the substance of the case (where there was a valid copyright) and the award of attorneys' fees (where there was no valid copyright). See <u>United States v. Smith</u>, 389 F.3d 944, 948 (9th Cir. 2004) (explaining

that "in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided") (citing United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986)).

Moreover, applying subsection (b)(2) would appear to be an impermissible retroactive application of the statute. The summary judgment against Defendants was granted (after reconsideration) on January 30, 2006. The jury rendered its damages verdict in November 2006. The parties then elected to appeal various aspects of the case. The Court could have awarded attorneys fees in 2006; however, it chose to postpone this determination until after the potential appeals were exhausted. Defendants concede that the subsection at issue was not enacted until late 2008, yet they point to no evidence that Congress intended this subsection to have retroactive application. (Dkt.#662 at 5) Ninth Circuit precedent states that the "presumption against retroactivity applies unless Congress' intent to the contrary is clear." Scott v. Boos, 215 F.3d 940, 947 (9th Cir. 2000).

Accordingly, Defendants' Motion to Stay is denied.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendants' Motion to Stay a Determination on Plaintiff's Motion for Attorney's Fees (Dkt.#662).

**IT IS FURTHER ORDERED** that any response by any party who previously has not filed a response to Plaintiff's Motion for Attorney's Fees shall be filed within ten days of this order.

DATED this 12th day of August, 2009.

_____
Mary H. Murgula
United States District Judge