**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Societe Civile Succession Richard Guino, a French Trust,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Beseder, Inc., (dba Rima Fine Art), an Arizona corporation, Dror Darel and Tracy L. Penwell, husband and wife; Jean-Emmanuel Renoir, an Individual,<br><br>　　　　Defendants.<br><br>and Related Actions | No. CV 03-1310-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Plaintiff's Motion for Award of Attorneys' Fees under 17 U.S.C. § 505 and for Costs (Dkt.#656). After reviewing the motions and accompanying papers, the Court issues the following Order.

Because the Court has recited the factual background underlying this litigation on several prior occasions, it will not do so again, except with respect to the pending motion for attorneys' fees. The pending motion derives primarily out of the jury's verdict on November 2, 2006, which awarded copyright infringement damages in favor of Plaintiff against the Rima Defendants in the amount of $5,000 for each of the ten Renoir-Guino works at issue, totaling $50,000; and $7,500 each for the same works against Defendant Renoir pursuant to 17 U.S.C. § 504(c), totaling $75,000. (Dkt.#548) Defendant Renoir prevailed on his

counterclaim of false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), against Plaintiff and was awarded $90,000 in compensatory damages and $30,000 in lost profits. On March 15, 2007, the Court, in its discretion pursuant to 17 U.S.C. § 117(a), increased the lost profits award from $30,000 to $45,000. (Dkt.#547) On October 31, 2007, the Court vacated Defendant Renoir's monetary judgment pursuant to his Lanham Act claim of $90,000 while affirming the $45,000 lost profits award. (Dkt.#635) While considering other motions regarding attorneys' fees, the Court denied without prejudice Plaintiff's Application for Award of Attorneys' Fees and Costs under 17 U.S.C. § 505 based on procedural irregularities contained in the application as well as the fact that the copyright claim was then being appealed to the Ninth Circuit. (Dkt.#635) Given that the Ninth Circuit has since affirmed this Court's granting of summary judgment in favor of Plaintiff with regard to the copyright claim, Societe Civile Succession v. Beseder, 549 F.3d 1182 (9th Cir. 2008), the time is now ripe for adjudicating Plaintiff's fee request.

Plaintiff moves the Court for attorneys' fees and costs pursuant to 17 U.S.C. § 505 of the Copyright Act, which provides the following:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Specifically, Plaintiff seeks $328,101.50 in attorneys' fees and $12,922.17 in costs. Both the Renoir Defendants (including Jean-Emmanuel Renoir and Louise Renoir) and the Rima Defendants (including Beseder, Inc., d/b/a Rima Fine Art, Dror Darel and Tracy Penwell) oppose Plaintiff's request on several grounds that are discussed below.

Here, there appears to be no dispute that Plaintiff technically prevailed on its copyright claim. See, e.g., Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir.2000) ("a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). However, merely prevailing on a copyright claim does not automatically entitle claimants to an award of attorneys' fees. Fogerty v. Fantasy, Inc., 510

U.S. 517, 534 (1994) (specifically rejecting the principle that prevailing copyright plaintiffs are automatically entitled to a fee award and instead holding that the court's discretion should guide the determination of whether a fee award was appropriate on a case-by-case basis).

The Ninth Circuit has specified five factors that guide a district court's discretion when determining whether to make a fee award to a prevailing party under 17 U.S.C. § 505. "These factors are (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." Wall Data Inc. v. Los Angeles County Sheriff's Dep't, 447 F.3d 769, 787 (9th Cir. 2006). Each factor is discussed below.

### A. Degree of Success Obtained

While Plaintiff technically prevailed on its copyright claim, when viewed in the broader context of this litigation, it is clear that Plaintiff's victory was Pyrrhic. The jury awarded a total of $125,000 for Plaintiff's copyright claims ($50,000 + $75,000) and a total of $120,000 for Defendant's Lanham Act claims ($90,000 + $30,000), demonstrating that in the end the jury believed that Plaintiff only deserved a $5,000 net award for its trouble. While the amount awarded to Defendant was later reduced by this Court due to an evidentiary issue, the fact that the jury awarded Plaintiff a net of only $5,000 demonstrates how close this case was in the eyes of the jury and how little Plaintiff had to show for its many years of litigation. This factor thus weighs against a fee award.

### B. Frivolousness

An argument is frivolous if it is wholly without merit or the outcome is obvious. Hustler Magazine, Inc. v. Moral Majority, Inc., 796 F.2d 1148, 1156 (9th Cir. 1986). Plaintiff's copyright claims were not frivolous; they were affirmed on appeal by the Ninth Circuit. Societe Civile Succession v. Beseder, 549 F.3d 1182 (9th Cir. 2008). Thus, this factor weighs in favor of a fee award.

### C. Motivation of the Parties

Plaintiff argues that protecting copyrights is unquestionably a proper motivation, since this protection is "the very purpose of the Copyright Act"; Defendants do not argue that

Plaintiff's claim was improperly motivated; however, they point out that their own motivation was "always to raise what they believed to be good faith, meritorious arguments that would have absolved them from liability under the copyright laws." Because there is no evidence that either party was motivated by a desire to harass or otherwise abuse the litigation process, this factor counsels against a fee award.

### D. Reasonableness of Losing Party's Factual and Legal Arguments

Here, while Defendants ultimately lost, their arguments were well-founded and meritorious; they involved important issues of copyright law that turned on whether the Ninth Circuit would uphold the Twin Brooks doctrine that had been rejected by the U.S. Copyright Office and criticized by leading copyright treatises. While Plaintiff argues that Defendants' arguments were not reasonable because they required the Court to defy or ignore the Twin Brooks precedent, the Ninth Circuit itself explained that this doctrine was surrounded by confusion. Societe Civile Succession v. Renoir, No. 07-15582 at 8 (9th Cir. Dec. 9, 2008), "[t]his was not a case of indisputable copyright infringement because of the confusion surrounding the application of Twin Brooks Corp v. Walt Disney Co., 83 F.3d 1162 (9th Cir. 1996)." Thus, Defendants' arguments were reasonable based on a controlling question of law for which there was substantial grounds for difference of opinion, notwithstanding the fact that they ultimately lost.

Thus, this factor also weighs against a fee award.

### E. The Need to Advance Concerns of Compensation and Deterrence

Plaintiffs argue that awarding fees would deter future infringements by penalizing the losing party. This argument fails not because it is wrong (a fee award to the losing party on a copyright claim would *always* deter future infringement); it fails because it is not specific to this case. As explained above, the Supreme Court has already held that fee awards to the prevailing party in copyright claims under 17 U.S.C. § 504(c) should not be automatic; yet Plaintiff has failed to provide a specific reason why there is a need for this case in particular to "send a message" of deterrence for future potential infringers. On the contrary, because of the cloud of ambiguity surrounding the Twin Brooks doctrine, the Court finds that this

case is exactly the sort where an area of law needed to be developed and where losing parties should not be subject to the additional penalty of attorneys' fees. In the Ninth Circuit's Order denying fees on appeal for this case, the Ninth Circuit explained that "given the special circumstances, these types of appeals should be encouraged, and not deterred." Societe Civile Succession Richard Guino v. Renoir, Nos. 07-15582, 07-15583 at 3 (9th Cir. July 29, 2009). As such, this factor also weighs against a fee award.

Having determined that the majority of these factors weigh against a fee award, the Court need not determine whether the fees requested are reasonable, although it appears that Plaintiff failed to segregate its fees incurred in prosecuting its copyright claims from those incurred defending against the Lanham claims (which it lost), making it very likely that at least some of the requested fees would be unreasonable. Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997) ("It is well-established law that a party entitled to attorney's fees as a prevailing party on a particular claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.'") (internal citation omitted)

Plaintiff argues that Defendants' past fee award makes it inequitable for Plaintiff not to receive an award as well; however, whether fees have been awarded to the opposing party is not a factor identified by the Ninth Circuit as a factor that should guide the Court's discretion. The various reasons that justified an award of fees to Defendants are explained in the Court's Order dated October 31, 2007 and need not be recapitulated here (Dkt.# 635). Moreover, given that fee awards are not automatic, but based on situational determinants such frivolousness, degree of success obtained, motivation, reasonableness, and the need to advance considerations of compensation and deterrence, cases that award both sides attorneys' fees should theoretically be rare. The purpose of a fee award is not to put the parties into equal financial positions, but to achieve justice using the combined factors identified above. The fact that Defendants have already obtained a fee award thus is not a reason (let alone a compelling reason) that Plaintiff should be awarded its fees as well.

**Accordingly,**

1     **IT IS HEREBY ORDERED** denying Plaintiff's Motion for Award of Attorneys' Fees under 17 U.S.C. § 505 and for Costs (Dkt.#656).

DATED this 25th day of September, 2009.

Mary H. Murguia
United States District Judge